IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

                                                            ORDER

v.

                                                           03-cr-40-wmc-1

GREGORY PHILLIPS,

                Defendant.

---

      A hearing on the probation office's petition for judicial review of Gregory Phillips' supervised release was held on February 28, 2017, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Julie Pfluger. The defendant was present and represented by Associate Federal Defender Peter Moyers. Also present was U.S. Probation Officer Brad T. Schalow.

FACTS

      From the record, I make the following findings of fact. The defendant was sentenced by the Honorable Barbara B. Crabb in the Western District of Wisconsin on August 20, 2003, following his conviction for conspiracy to possess with intent to distribute and to distribute cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class A felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 262 months, which was to be followed by a five-year term of supervised release. The defendant was re-sentenced on remand on June 12, 2012, to a 132-month term of imprisonment, with his term of supervised release remaining unchanged.

      The defendant began his first term of federal supervised release on October 31, 2012. That term of supervised release was revoked by Judge Crabb on February 12, 2014, after it was

1

determined the defendant: (1) used illegal drugs; (2) failed to participate in substance abuse testing; (3) left the Western District of Wisconsin without authorization; (4) failed to follow the instructions of his probation officer; and (5) associated with individuals who had been involved in criminal activity. He was then sentenced to a 24-month term of imprisonment to be followed by a 36-month term of supervised release.

The defendant's second term of supervised release began on October 9, 2015. The case was reassigned to me on February 8, 2017, following the defendant violating Special Condition No. 4 and Standard Condition No. 3, which require him to abstain from the use of alcohol, to comply with substance abuse testing, and to follow the instructions of the probation officer. Specifically, on December 18, 2016, the defendant consumed alcohol while watching a televised football game in his home. In response to this violation, the U.S. Probation Office required that the defendant submit to alcohol testing through the use of a Soberlink alcohol-testing device. Between January 18 and January 26, 2017, however, the defendant failed to comply with the probation officer's instructions to submit breath samples on the Soberlink alcohol-testing device.

On February 16 and 21, 2017, the defendant also failed to provide a urine specimen for substance abuse testing as scheduled and directed. Even worse, he did not contact his probation officer or substance abuse testing staff to discuss why he could not provide a urine specimen on either of those dates.

Given that defendant's misconduct as outlined above falls into the category of a Grade C violation. Under the provisions of § 7B1.3(a)(2), the court has the discretion to revoke supervised release, extend it, or modify the conditions of supervision upon a finding of a Grade C violation. The court revocation at this time is not necessary. The defendant's supervised release will be continued, and he will be required to abstain from the use of alcohol, to participate in substance

abuse testing, which includes testing for alcohol use. More specifically, submit to Soberlink alcohol testing for a period of 60 days.

## ORDER

IT IS ORDERED that the period of supervised release imposed on the defendant on February 12, 2014, is AFFIRMED and CONTINUED, with modification of his conditions as noted below. The discretionary conditions below, in addition to the mandatory conditions of supervised release, are reasonably related to the offense of conviction, as well as the personal history and characteristics of the defendant. The defendant is encouraged to work with the U.S. Probation Office, as maintaining sobriety will advance the positive strides he has made during his second term of supervised release.

| STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) **Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(14);<br>18 U.S.C. § 3603(2) and (7);<br>USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

| | | |
|---|---|---|
| 2) | Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(15) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2);<br>USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court. | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism.<br>18 U.S.C. § 3553(a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(4) and (5);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(C), (D) and (E);<br>USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4) | Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(2)(C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(D) and (b)(2);<br>USSG §5D1.3(b)(1)(C). |
| 5) | Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(7);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |

| | | |
|---|---|---|
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(6);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(B), (C) and (D);<br>USSG §5D1.3(b)(1)(B) and (C). |
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG § 5B1.3 (b)(1)(A), (B), (C) and (D);<br>USSG § 5D1.3 (b)(1)(A), (B) and (C). |

| | | |
|---|---|---|
| 10) | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court. | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 11) | As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties. | To protect the public from further crimes perpetrated by defendant.<br>18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16);<br>in a case of crimes against property 18 U.S.C. § 3555;<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

**Special Conditions**

| | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 1) | Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer. | Based on the offense of conviction and the need to monitor defendant's compliance with local, state, and federal laws |
| 2) | Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns. | Based on defendant's employment history and the need to monitor his ability to support himself through legitimate means. |
| 3) | Submit his person, property, residence, office, or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; | Based on the nature of the offense of conviction, the need to protect the public from further criminal activity perpetrated by the defendant as suggested by his criminal history, and the need to ensure the safety of the supervising U.S. probation officer. |

|   | | |
|---|---|---|
|   | failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premise he is occupying may be subject to searches pursuant to this condition. | |
| 4) | **Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to alcohol and drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts phased collection process.** | Based on defendant's self-reported use of alcohol and a criminal history involving a conviction for first-degree recklessly endangering safety, in which he was under the influence of alcohol. |
| 5) | **Participate for a period of 60 days in an alcohol-monitoring program that includes Soberlink technology.** | Based on defendant's repeated use of alcohol on supervised release. |

Entered this 28th day of February, 2017.

BY THE COURT:

_____
Honorable William M. Conley
U.S. District Judge